UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MICHAEL OLSON and PENNY PAYNE OLSON,

                                            Plaintiffs,

-against-

THE COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, COUNTY OF NASSAU COUNTY CORRECTIONAL CENTER, THE TOWN OF NORTH HEMPSTEAD, and JOHN DOES 1-25, unidentified officers and detectives of the NASSAU COUNTY POLICE DEPARTMENT and corrections officers and staff members of the NASSAU COUNTY CORRECTIONAL CENTER,

                                            Defendants.

**COMPLAINT**

**Plaintiffs Demand Trial By Jury**

Plaintiffs, MICHAEL OLSON and PENNY PAYNE OLSON, by and through their attorneys, Evan Sarzin, P.C., complaining of the defendants, respectfully allege:

JURISDICTION AND VENUE

1. Plaintiffs bring this action under 42 U.S.C., §1983.

2. This Court has jurisdiction under the following statutes:

   a. 28 U.S.C. § 1331, which gives the district court jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

   b. 28 U.S.C. §1343 (3), which gives the district court jurisdiction over civil actions brought to redress the deprivation, under color of any

1

    State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (4) which gives the district court jurisdiction over civil actions brought to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote; and

  c. 28 U.S.C. §1367, which gives the district court supplemental jurisdiction over state law claims.

3. Venue in this judicial district is proper under 28 U.S.C §1391(b) because the events that gave rise to this Complaint occurred within this judicial district.

4. There is no other civil action between these parties arising out of the same facts or occurrences as alleged in this Complaint pending in this or any other court, and there has been no such action previously filed and dismissed or transferred after having been assigned to a Judge.

## PARTIES

5. Plaintiff MICHAEL OLSON is a citizen of the United States and resides at 15 Revere Road, Port Washington, New York 11050, located in the County of Nassau and State of New York, which is within this judicial district.

6. Plaintiff PENNY PAYNE OLSON is a citizen of the United States and resides at 15 Revere Road, Port Washington, New York 11050, located in

the County of Nassau and State of New York, which is within this judicial district.

7. Defendant COUNTY OF NASSAU is a public entity and a political subdivision of the State of New York, located within this judicial district.

8. Defendant NASSAU COUNTY POLICE DEPARTMENT is the law enforcement agency of the COUNTY OF NASSAU and is located within this judicial district.

9. Defendant NASSAU COUNTY CORRECTIONAL CENTER is a branch of the Nassau County Sheriff's Department, which is a department of defendant COUNTY OF NASSAU and is located within this judicial district.

10. Defendant TOWN OF NORTH HEMPSTEAD is a public entity and a political subdivision of the State of New York, which is within this judicial district.

11. This is a Civil Rights complaint for monetary damages brought by Plaintiff, MICHAEL OLSON, a United States citizen and PENNY PAYNE OLSON, his wife. Plaintiffs bring this complaint for violations of their individual and rights of free speech under the First, Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983 and in violation of Article I, Sections 8 and 12 of the Constitution of the State of New York.

12. On October 9, 2013, defendant TOWN OF NORTH HEMPSTEAD, by its agents, servants and employees, trespassed upon the real property of the

plaintiffs located at 15 Revere Road, Port Washington, New York (the "Home") entered upon the premises of the plaintiff, knocked on the door and requested that he remove his car from the driveway so that they could remove a tree rooted in the verge on the sidewalk abutting plaintiffs' home.

13. Plaintiff called TOWN OF NORTH HEMPSTEAD to verify that the workers were in fact representatives of TOWN OF NORTH HEMPSTEAD. Having confirmed that the workers were representatives of TOWN OF NORTH HEMPSTEAD, plaintiff removed his car from the driveway and then went back into his Home.

14. Shortly thereafter, he observed the workers dropping branches onto the ground and garden of plaintiffs' Home.  He demanded that they stop but he was ignored.

15. Plaintiff then called 311 to reach TOWN OF NORTH HEMPSTEAD to demand that it stop the workers from violating his property.

16. TOWN OF NORTH HEMPSTEAD took no action to impede the workers from trespassing upon the plaintiffs' property, trampling through its gardens or from dropping debris upon it.

17. Despite promising to do so, defendant TOWN OF NORTH HEMPSTEAD failed to take any action to remove or cause the removal of such persons.

18. Sometime thereafter, plaintiff observed one of the workers in the backyard, without the consent of the plaintiffs and without justification; said defendant trampled upon the garden of the home and was about to urinate behind the porch.

19. Plaintiff MICHAEL OLSON, who now was irate, called TOWN OF NORTH HEMPSTEAD again and demanded that TOWN OF NORTH HEMPSTEAD remove said persons from their home.

20. Plaintiff in frustration at the TOWN OF NORTH HEMPSTEAD'S lack of response stated, "I have a good mind to go over to that f**king office in Manhasset and threaten it with a f**cking shotgun and blow the f**cking windows out of it.  I'm tired of your lip service."

21. TOWN OF NORTH HEMPSTEAD was willfully indifferent to plaintiffs' complaint about their agent's unlawful behavior and failed to take any corrective action or otherwise attempt to stop said persons from violating and desecrating plaintiffs' home.

22. TOWN OF NORTH HEMPSTEAD purposely and intentionally failed to restrain its own agent's violation of the law of trespass and the law against public urination.  Instead, TOWN OF NORTH HEMPSTEAD and/or COUNTY OF NASSAU purposely mischaracterized and misreported the words and intentions of the plaintiff, erroneously reporting it to be "terrorist threat," within the meaning of Penal Law §490.20.

23. TOWN OF NORTH HEMPSTEAD and COUNTY OF NASSAU knew or should have known

    a. that plaintiff was a citizen of the United States and a resident of the Town of North Hempstead for his entire life

    b. he had no record or history of criminal behavior and no record of terrorist threats;

5

   c. that the plaintiff was not listed on any watch list and had spoken in anger due to TOWN OF NORTH HEMPSTEAD's indifference to his rights;

   d. that the words did not threaten action but was only a statement of his anger at the indifference of TOWN OF NORTH HEMPSTEAD and its workers; i)without the intent to intimate or coerce a civilian population or to influence the policy of a unit of government by intimidation or coercion; ii) nor with the intent to affect the conduct of a unit of government by murder, assassination or kidnapping; iii) nor did he threaten to commit or cause to be committed a specified event that would cause a reasonable expectation or fear of the imminent commission of such an offense.

24. TOWN OF NORTH HEMPSTEAD wrongfully and unlawfully reported to the defendant NASSAU COUNTY POLICE DEPARTMENT and/or the Port Washington Police Department that plaintiff had made a terrorist threat.

25. Two officers of Port Washington Police Department responded to the plaintiff's home, finding plaintiff on the exterior observing the TOWN OF NORTH HEMPSTEAD persons. The police officers requested that the plaintiff step inside his home and followed him in. The officers handcuffed and restrained the plaintiff.

26. Shortly thereafter, two detectives of the defendant NASSAU COUNTY POLICE DEPARTMENT did arrive and enter upon the plaintiff's home

without the permission of the plaintiff. Upon their arrival, the Port Washington police officers departed.

27. Defendant NASSAU COUNTY POLICE DEPARTMENT officers unlawfully entered plaintiff's premises without a warrant and conducted a warrantless search while in the Home.

28. Upon information and belief, defendant NASSAU COUNTY POLICE DEPARTMENT undertook a search for a shotgun, despite plaintiff advising them that he did not own a gun of any kind. Said defendant did not find a gun of any kind during the course of their warrantless search.

29. Plaintiff advised the officers that he was a type-1 insulin-dependent diabetic and was experiencing the onset of hypoglycemia (low blood sugar) as a result of his morning dose of insulin. He requested of the officers that he be permitted or be given something having substantial glycemic content to avoid collapsing. One of the officers allowed plaintiff a bit of a cookie, but did not permit him a sufficient amount to prevent worsening of his hypoglycemic condition. In addition, the officers failed to call for medical assistance on plaintiff's behalf.

30. The plaintiff was manifesting signs of advanced hypoglycemia (dizziness, fatigue, hunger and lividity) defendant NASSAU COUNTY POLICE DEPARTMENT arrested the plaintiff and transported him to NASSAU COUNTY POLICE DEPARTMENT headquarters.

31. Defendant NASSAU COUNTY POLICE DEPARTMENT did not Mirandize the plaintiff or afford him an opportunity to make a telephone call, despite his requesting to do so.

32. One of the detectives advised plaintiff during the course of transport that the arrest was a "mistake" and that the incident would be resolved shortly.

33. During plaintiff's detention, his blood sugar plummeted to the level that he did in fact pass out, causing the NASSAU COUNTY POLICE DEPARTMENT to transport the plaintiff to Winthrop Hospital.

34. At the hospital emergency room, he received fluids to restore his blood sugar level to normal limits. Nevertheless, plaintiff was not permitted to leave the hospital or to speak with his wife or an attorney.

35. Plaintiff, against his will, was admitted as a patient to the hospital, causing plaintiff to incur unnecessary hospitalization and medical expense.

36. Upon information and belief, the plaintiff was arraigned while at the Hospital, having been deprived of the assistance of counsel or an opportunity to be heard; or to speak with his wife or other member of his immediate family.

37. Plaintiff was released from the Hospital on October 11, 2013, and was returned to defendant NASSAU COUNTY CORRECTIONAL CENTER, where he remained held without a bail hearing until October 23, 2013.

38. During plaintiff's detention, he was deprived of food and sustenance necessary for his well-being and was provided the incorrect dosages and types of insulin necessary to manage his diabetes. As a result of this

mistreatment by NASSAU COUNTY CORRECTIONAL CENTER, suffered physically, mentally and emotionally passing out, among other things. During his detention, one or more employees of NASSAU COUNTY CORRECTIONAL CENTER threatened him with violence if he passed out again. Plaintiff was terrified because, as a result of the inadequate nutrition and medical treatment, he had no control over his being conscious or passing out; as a result he was subjected to mental abuse by the NASSAU COUNTY CORRECTIONAL CENTER staff, out of fear that he would be beaten if he passed out again.

39. Moreover, employees of the NASSAU COUNTY CORRECTIONAL CENTER willfully and intentionally delayed plaintiff's opportunity for a timely bail hearing, that is, within seventy-two hours of arrest, causing said hearing to be delayed for a period of two weeks.

40. Defendant NASSAU COUNTY CORRECTIONAL CENTER willfully and intentionally failed to produce the plaintiff at court on October 15 or October 18, when he was scheduled to appear.

41. Plaintiff was compelled to obtain a writ of habeas corpus to force defendant COUNTY OF NASSAU to produce plaintiff in court.

42. On October 23, 2013, by order of Hon. Valerie Alexander, defendant NASSAU COUNTY CORRECTIONAL CENTER was ordered to produce plaintiff.

43. The court, on its own motion, dismissed the felony charge under §490.20 and substituted a misdemeanor charge of aggravated harassment in the

second degree under Section 240.30 (1) (a) of the Penal Law, and the court dismissed the felony complaint.

44. Thereafter, plaintiff MICHAEL OLSON entered into an agreement, whereby the charge of one count under Section 240.30 (1) (a) was adjourned to June 16, 2014 on the condition that he enter into an anger management program.

45. On June 16, 2014, the charge against MICHAEL OLSON was dismissed.

46. On or about January 2, 2013, plaintiffs served Notices of Claim in statutory form against defendants COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPARTMENT, NASSAU CORRECTIONAL CENTER and TOWN OF NORTH HEMPSTEAD, pursuant to New York General Municipal Law §50-e.

47. More than thirty (30) days have elapsed, and none of the aforesaid defendants has adjusted the claim with plaintiffs.

## COUNT I—VIOLATION OF THE CIVIL RIGHTS UNDER 42 U.S.C. §1983

48. Defendants, beginning on or about October 9, 2013, continuing to, and including October 23, 2013 interfered with the personal and property rights of plaintiff MICHAEL OLSON.

## COUNT II—VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS

49. Defendants' actions constituted an abridgement of the right to free speech, false arrest, unlawful detention, unlawful and dangerous deprivation of medical care and services, cruel and inhuman treatment, and malicious prosecution which violated MICHAEL OLSON's Due Process rights under

the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, under 42 U.S.C. § 1983 and under Article I, Section 8 of the New York Constitution.

50. MICHAEL OLSON was denied notice of accusation, the right to confront his accusers and of his presumption of innocence. The Plaintiffs were deprived of significant liberty and property interests under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 12 of the New York Constitution.

<u>COUNT III—VIOLATION OF THE SECURITY AND PRIVACY OF PLAINTIFF'S HOME UNDER THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION [42 U.S.C. §1983] AND ARTICLE I, SECTION 12 OF THE NEW YORK CONSTITUTION</u>

51. Defendants violated the Plaintiff's rights to the security and privacy of his home, and of persons located therein, under the Fourth (through the Fourteenth Amendment) Amendment to the United States Constitution, under 42 U.S.C. §1983 And Article I, Section 12 of the New York Constitution.

52. Defendants barged into MICHAEL OLSON's home to forcibly remove and falsely arrest him without an arrest or search warrant and absent exigent circumstances, on or about October 9, 2013.

<u>COUNT IV—FALSE ARREST/IMPRISONMENT</u>

53. Beginning on or about October 9, 2013 and continuing until October 23, 2013, inclusive, the Defendants executed a false arrest/imprisonment and unlawful detention within the confines of the defendant COUNTY OF

11

NASSAU CORRECTIONAL , having detained and confined plaintiff MICHAEL OLSON without his consent and without justification.

## COUNT V—TRESPASS

54. On October 9, 2013, defendants TOWN OF NORTH HEMPSTEAD and COUNTY OF NASSAU, including but not limited to NASSAU COUNTY POLICE DEPARTMENT, its agents, servants or employees, did enter upon the property of the plaintiffs without consent and did deface and damage the property of the plaintiffs.

WHEREFORE, the Plaintiffs, respectfully asks this Court to grant them judgment:

A. Assume jurisdiction over this matter;

B. Declare that Defendants' actions violated the plaintiffs's rights under the First Amendment of the United States Constitution and Article I, Section 8 of the New York Constitution;

C. Declare that Defendants' actions violated the plaintiffs's rights under the Fourth Amendment of the United States Constitution and Article I, Section 12 of the New York Constitution;

D. Declare that Defendants' actions violated the plaintiffs' rights under New York common law;

E. Award compensatory damages for the injuries sustained by the plaintiffs;

F. Award punitive damages to the plaintiffs from the officers who effectuated the retaliatory arrest and issued the spurious summons;

G. Award the plaintiffs reasonable attorneys' fees and costs under 42 U.S.C.

§ 1988;

And

H. Grant any other relief the Court deems necessary and proper.

Dated: January 5, 2015

            EVAN SARZIN, P.C.

            /s/_____
            Evan Sarzin (ES-3709)
            Attorney for Plaintiff
            1350 Avenue of the Americas – 2nd floor
            New York, NY 10019
            Tel. 212-344-6500
            Email evan@sarzinlaw.com